EUGENIA PÉREZ, demandante y recurrente, *v.* MUNICIPIO DE MAYAGÜEZ, demandado y recurrido.

*Número:* R–62–18  *Resuelto:* 8 de marzo de 1963

*Eugenio Sánchez Ruiz*, abogado de la recurrente; *Amadeo Nazario Janer*, abogado del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: En la solicitud presentada por la parte recurrente en el presente recurso se afirmó que la administración de la inyección antitetánica a la menor Sonia Rosado Pérez que le produjo un choque anafiláctico que le causó la muerte se efectuó "luego de haberle hecho *una supuesta prueba"*; que "en ningún momento se le consultó a la demandante [la madre de la menor fallecida] sobre la administración de la inyección y en ningún momento se le mandó a buscar para que diera su consentimiento para que le administraran tal o cual inyección ni se le preguntó la historia de la niña en cuanto a si era alérgica a dicha clase de inyecciones"; y, finalmente, que el juez de instancia concluyó que la norma establecida en el Hospital Municipal de Mayagüez y en otro hospital de la localidad es que para la administración de la inyección mencionada debe mediar una orden de un médico luego de éste haber practicado un examen del paciente y de investigar su hipersensibilidad. Expedimos el auto ante la posibilidad de que la situación de hechos fuera diferente a la que consideramos en *Sáez* v. *Municipio de Ponce*, 84 D.P.R. 535 (1962).

Sin el beneficio de la transcripción de la evidencia, (¹)

---

(¹) Un examen de los autos originales revela que la recurrente también interpuso recurso de apelación para cuyo perfeccionamiento solicitó se ordenara la transcripción de evidencia *in forma pauperis*. A esta moción nunca se proveyó. Una vez expedido el auto de revisión, la recurrente no hizo señalamiento alguno de la parte de la prueba que interesaba se transcribiera. Regla 54.3 de las de Procedimiento Civil de 1958.

y considerando únicamente las determinaciones de hecho del tribunal a quo y la prueba documental que se unió a los documentos originales del pleito elevados por el Secretario del Tribunal Superior, Sala de Mayagüez, las afirmaciones apuntadas han quedado no solamente insustanciadas, sino plenamente controvertidas. En cuanto al hecho de que a la menor se le practicó la prueba aconsejada para determinar una posible condición de hipersensibilidad, del informe de autopsia surge que el cadáver de la infortunada niña presentaba señales de pinchazos en la región precubital del brazo izquierdo —la prueba—y en el brazo derecho—la administración de la inyección—; y los testimonios prestados por la enfermera María O. Torres y Gudelia Pérez Rosado, hermana de la menor Sonia, que forman parte del sumario de la investigación practicada por el fiscal Alemañy, son terminantes en cuanto al hecho de que la prueba fue verificada y que se esperó veinte minutos para, ante su resultado negativo, administrarle la dosis fatal. Sobre la falta de consentimiento de la madre, tal hecho puede quizás deducirse, pero no resultaría decisivo en vista de que ella estaba ausente, y la menor fue acompañada por una hermana mayor para recibir el tratamiento adecuado de emergencia, que indudablemente demandaba la administración del antitetánico, según surge de la circular sobre el producto que fue presentada en evidencia por la propia parte recurrente. También hay prueba que sostiene que la enfermera inquirió sobre el historial de reacciones alérgicas de la niña. Finalmente, sobre la norma local prevaleciente, si bien el juez a quo señaló lo que se indica por la parte recurrente, no es menos cierto que a renglón seguido añadió que "pero es práctica corriente en estos dos hospitales que las pruebas de alergia para la aplicación de estas inyecciones antitetánicas son practicadas por los practicantes y enfermeras, sin órdenes previas de los médicos." (²)

---

(²) La práctica, además, era que una vez verificada la prueba, si el resultado era positivo, se refería el caso a un médico, pero si era negativo, la enfermera estaba autorizada a poner la inyección.

No es necesario elaborar más para concluir que el presente caso se rige por la doctrina anunciada en el de *Sáez*, y que en tal virtud, no erró el tribunal recurrido al declarar sin lugar la demanda.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 10 de enero de 1962.*